**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Joshua Baker, et al., | No. CV-19-02287-PHX-DWL |
| Plaintiffs, | **ORDER** |
| v. | |
| Unknown Snow, et al., | |
| Defendants. | |

Pending before the Court is Defendants' motion to extend the dispositive motions deadline. (Doc. 49.) For the following reasons, the motion is granted.

## BACKGROUND

On January 15, 2019, this case was filed in Maricopa County Superior Court. (Doc. 1 at 5.)

On April 9, 2019, the named Defendants removed the action to federal court. (Doc. 1.)

On May 31, 2019, the parties filed a stipulation to dismiss Defendant City of Phoenix Police Department with prejudice (Doc. 5), which the Court granted (Doc. 7.) Plaintiffs never served the unnamed Defendants. The deadline to do so lapsed long ago, and therefore the Clerk is ordered to dismiss the unnamed Defendants.

On July 2, 2019, the Court noted that no response to the complaint had been filed and ordered Plaintiffs to show cause why the case should not be dismissed for failure to prosecute. (Doc. 10.)

On July 9, 2019, Officers Snow and Mesquita ("Defendants") filed an answer. (Doc. 11.)  The Court vacated the order to show cause.  (Doc. 13.)

On August 22, 2019, the parties filed a Rule 26(f) report proposing, *inter alia*, an April 30, 2020 fact discovery deadline and a September 30, 2020 dispositive motions deadline.  (Doc. 14 at 8-9.)

On August 23, 2019, the Court issued a scheduling order that accepted these proposed deadlines.  (Doc. 17 at 2, 5.)

During the discovery process, Defendants repeatedly attempted to depose Plaintiff Joshua Baker without success.  On November 27, 2019, Defendants filed a notice of deposition as to Baker, which stated the deposition would take place on January 21, 2020.  (Doc. 19.)  On January 24, 2020, Defendants filed an amended notice of deposition as to Baker, which stated the deposition would take place on February 27, 2020.  (Doc. 22.)

In March 2020, the COVID-19 pandemic became a national and global crisis.  On May 15, 2020, the parties filed a joint motion to extend discovery deadlines due to Plaintiffs' counsel's six-week absence from his practice due to the death of his son as well as logistical problems caused by COVID-19 pandemic.  (Doc. 27.)  The Court extended the fact discovery deadline to July 31, 2020 and the dispositive motions deadline to January 8, 2021.  (Doc. 28.)

On July 16, 2020, the parties requested an extension of the fact discovery deadline due to continued logistical problems caused by COVID-19 pandemic.  (Doc. 29.)  The Court extended the fact discovery deadline to September 30, 2020.  (Doc. 30.)

On September 30, 2020, Defendants filed an unopposed motion for an extension of the fact discovery deadline, which stated:

> Defendants request this extension so they may take Plaintiff Joshua Baker's deposition. Defendants first filed a Notice of Deposition (Doc. 19) for Plaintiff Baker on November 27, 2019. Prior to his January 21, 2020 deposition date, Plaintiff Baker requested to postpone the deposition. In the intervening time, Defendants have sought many times to take Plaintiff Baker's deposition; Plaintiff Baker has not yet made himself available. The parties anticipate Plaintiff Baker will be available to participate in his deposition during October 2020. Obtaining Plaintiff Bakers deposition testimony is essential for Defendants to fully present their defense in this case.

(Doc. 39 at 1-2.)

The Court extended the fact discovery deadline to October 31, 2020. (Doc. 40.)

On December 15, 2020, Defendants filed a (belated) unopposed motion to again extend the fact discovery deadline, repeating the complaint that Baker had not made himself available for a deposition (Doc. 42), as well as a notice that a deposition of Baker had been scheduled for December 30, 2020 (Doc. 43). The Court extended the fact discovery deadline to January 14, 2021 and added that "[i]f Plaintiff Joshua Baker fails to appear for a deposition before this deadline, he will be ordered to show cause why sanctions – including possible dismissal of his claims – should not be ordered." (Doc. 44.)

On January 4, 2021, Defendants filed a notice that Baker did not appear for his deposition scheduled on December 15, 2020. (Doc. 46.)

On January 8, 2021, Defendants filed an unopposed motion to extend the dispositive motions deadline to February 13, 2021. (Doc. 47.) By that point, although the fact discovery deadline had been extended to January 14, 2021, the dispositive motions deadline remained January 8, 2021. The Court extended the dispositive motions deadline to February 13, 2021 to allow time for completion of fact discovery and drafting of dispositive motions. (Doc. 48.)

The January 14, 2021 deadline for fact discovery came and went. Then the February 13, 2021 deadline for dispositive motions came and went. No dispositive motions were filed by that deadline.

On February 14, 2021, Defendants filed a belated motion to extend the already-lapsed deadline for dispositive motions to February 20, 2021 (the "Motion"). (Doc. 49.) Defendants asserted that their counsel contacted Plaintiffs' counsel "just prior to the filing" of the Motion, such that Defendants were unable to inform the Court whether the Motion is opposed. (*Id.*) Therefore, the Court ordered Plaintiffs to indicate whether they oppose the extension. (Doc. 50.)

On February 18, 2021, Plaintiffs responded that they object because "there has been

ample time to file such a motion, the deadline has come and gone and Defendants did not file their motion in a timely manner." (Doc. 51.)

That same day, Defendants filed a reply in which Defendants increased their extension request:

> Defendants believed they had made proper notice to the Court of Plaintiff Baker's failure to appear for deposition, and therefore, believed the Court would cause Plaintiff Baker to show why sanctions, including possible dismissal of his claims, should not be ordered. If the Court had sanctioned Plaintiff Baker, and those sanctions included limiting some or all of Plaintiff Baker's claims, this would materially affect the substantive arguments made by Defendants in their anticipated dispositive motion. Relying on these beliefs, Defendants delayed drafting and filing their anticipated dispositive motion. Defendants delay was made in good faith, based on this Court's order and Plaintiff Baker's conduct. Defendants request this Court to extend the dispositive motion deadline at least thirty days from resolution of the identified issue.

(Doc. 52.)

**DISCUSSION**

As a preliminary matter, Defendants did make proper notice—on January 4, 2021—that Baker failed to appear for his December 15, 2020 deposition. (Doc. 46.) However, the Court had set a deadline of *January 14*, 2021 for Baker to make himself available for a deposition before the Court would order Baker to show cause why he should not be sanctioned. Although it was unlikely that Baker would make himself for a deposition in the ten days between Defendants' January 4, 2021 filing and the January 14, 2021 deadline, it was nevertheless incumbent upon Defendants to update the Court as to Baker's failure *after* the deadline lapsed.

Nevertheless, the Court is now aware that Baker has failed to make himself available for a deposition, and this failure concerns the Court more than the lapsed dispositive motions deadline. Baker is ordered, by February 26, 2021, to file a memorandum, not to exceed five pages, showing cause why all claims between Baker and Defendants should not be dismissed with prejudice as a sanction for Baker's repeated failure to appear for a deposition between his original deposition date of January 21, 2020 and the court-ordered January 14, 2021 deadline.

As for the dispositive motions deadline, Rule 6(b)(1)(B) of the Federal Rules of Civil Procedure provides that "[w]hen an act may or must be done within a specified time, the court may, for good cause, extend the time . . . on motion made after the time has expired if the party failed to act because of excusable neglect."  Courts assessing whether neglect is "excusable" must consider four factors:  "[1] the danger of prejudice to the [non-moving party], [2] the length of the delay and its potential impact on judicial proceedings, [3] the reason for the delay, including whether it was within the reasonable control of the movant, and [4] whether the movant acted in good faith."  *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 365 (1993).

The proposed delay is short.  Originally, Defendants sought an extension of only one week.  The longer delay proposed in Defendants' reply has less to do with the excusable neglect analysis and more to do with the practicality of postponing dispositive motions until after the issue of whether Baker's claims will be dismissed as a sanction is resolved.

The delay in filing the Motion is even shorter; it was filed only one day after the dispositive motions deadline.  Moreover, the February 13, 2021 deadline—to which the parties stipulated—fell on a weekend.  Although it is fair to hold Defendants to a court-ordered deadline which Defendants proposed, a delay of one weekend day is negligible, such that the belatedness of the motion did not delay the case.

Nevertheless, even if the motion had been timely filed, Defendants would still be required to provide a justification for a request to extend a deadline in the Court's scheduling order to demonstrate that there is "good cause" for the extension.  Fed. R. Civ. P. 6(b)(1)(A).  Although Defendants failed to provide the reason for the delay in the Motion, they provided a reason in their reply.  Generally, the Court will not consider arguments made for the first time in a reply brief.  Were the circumstances of this case different, the Court might deny the Motion without prejudice and set a deadline for Defendants to file a new motion addressing the *Pioneer* factors.

In this case, however, further briefing would be a waste of everyone's time.  The

Court considers the "good cause" standard to be more applicable in this situation that the "excusable neglect" standard, and good cause for extending the dispositive motions deadline is apparent.  It makes sense that the issue of whether Baker's claims will be dismissed as a sanction should be resolved before dispositive motions are drafted and filed. Moreover, even if the Court were to consider the "excusable neglect" standard applicable, it is satisfied here.  The delay is very short, it's justified, it doesn't prejudice Plaintiffs, Defendants acted in good faith, and moreover, it's necessary for case management purposes, due to Plaintiff Baker's failure to appear for his deposition and the resulting delay caused by the order to show cause.

Accordingly,

**IT IS ORDERED** that the Motion (Doc. 49) is granted.

**IT IS FURTHER ORDERED** that Plaintiff Baker is ordered, by February 26, 2021, to file a memorandum, not to exceed five pages, showing cause why all claims between Baker and Defendants should not be dismissed with prejudice as a sanction for Baker's repeated failure to appear for a deposition between his original deposition date of January 21, 2020 and the court-ordered January 14, 2021 deadline.

**IT IS FURTHER ORDERED** that the dispositive motions deadline is extended to four weeks from the date on which the Court resolves the issue of sanctions as to Baker.

**IT IS FURTHER ORDERED** that the unnamed Defendants are dismissed.

Dated this 19th day of February, 2021.

Dominic W. Lanza
United States District Judge